IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LEVAR V. WADE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3059 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Levar Wade's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 5) (Petition). For the reasons set forth below, the Petition is denied.

On February 9, 2001, Wade was charged in a one-count Indictment (Case No. 01-30030, d/e 1) with Possession of 50 or More Grams of Cocaine Base ("Crack") with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Wade filed a Motion to Suppress Evidence, which this Court denied on July 2, 2003. Wade then entered a conditional plea of guilty to the offense, reserving his right to appeal the denial of his Motion to Suppress. On May 28, 2004, this Court sentenced Wade. The

Court determined that Wade had a base offense level of 34, based on the finding that he should be held accountable for 235.61 grams of cocaine base ("crack"). Wade was granted a three-level reduction in offense level for acceptance of responsibility, resulting in a final offense level of 31. The Court determined that Wade fell into Criminal History Category III. The Court noted that an offense level of 31 and a Criminal History Category of III resulted in a U.S.S.G. sentencing range of 135 to 168 months imprisonment. However, because Wade had a prior felony drug conviction, Wade's statute of conviction carried a statutory mandatory minimum sentence of 20 years, raising the applicable U.S.S.G. range to 240 months. See 21 U.S.C. § 841(b)(1)(A). The Court sentenced Wade to 240 months imprisonment, followed by ten years of supervised release, and ordered him to pay a $100 special assessment. Wade appealed the denial of his Motion to Suppress to the United States Court of Appeals for the Seventh Circuit. In an Opinion, dated March 15, 2005 (Case No. 01-30030, d/e 46), the Court of Appeals affirmed.

Wade raises four grounds for relief, all of which revolve around the difference in statutory sentencing penalties for offenses involving cocaine base and cocaine powder under 21 U.S.C. § 841(b)(1)(A). Given Wade's

prior felony drug offense, § 841(b)(1)(A) prescribes a minimum sentence of 20 years for possession of 5,000 or more grams of cocaine or 50 or more grams of cocaine base. See 21 U.S.C. §§ 841(b)(1)(A)(ii), (iii). Wade asserts that he was subjected to a grossly disproportionate sentence and that 21 U.S.C. § 841(b)(1)(A)(iii) violates his Constitutional right to equal protection and due process. He further asserts that trial counsel and appellate counsel were ineffective in failing to raise the disparity in penalties. All of these claims lack merit, as set forth below.

Wade's claim that he was subjected to a grossly disproportionate sentence fails. "The Eighth Amendment prohibits punishments which . . . are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." United States v. Olson, 450 F.3d 655 (7th Cir. 2006). However, as the Seventh Circuit has recently reiterated, "[i]n non-capital felony convictions, a particular sentence that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing court abused its discretion." Id. In the instant case, Wade received the statutory minimum sentence for his offense of conviction, given his prior felony drug conviction. There was no abuse of discretion, and no Constitutional violation.

Wade asserts that § 841(b)(1)(A)(iii)'s enhanced penalties for offenses involving cocaine base violate his Constitutional right to equal protection and due process. The Seventh Circuit has considered the issue and determined that Congress' enactment in § 841(b)(1)(A) of different penalties for cocaine base and cocaine does not violate equal protection or the due process clause. United States v. Chandler, 996 F.2d 917, 918-19 (7th Cir.1993) (per curiam); United States v. Lawrence, 951 F.2d 751, 755 (7th Cir. 1991). Wade's claim, therefore, fails.

Wade's remaining claims, relating to the alleged ineffectiveness of his trial and appellate attorneys, are equally unavailing. To succeed on an ineffective assistance of counsel claim, Wade must show both: (1) that his counsel's representation was objectively deficient; and (2) that the deficient performance was prejudicial to the outcome. Strickland v. Washington, 466 U.S. 668 (1984). The absence of either prong defeats an ineffective assistance claim. Id. at 689; Lowery v. Anderson, 225 F.3d 833, 843 (7th Cir. 2000). Wade bears the burden of proving counsel ineffective, and there is a strong presumption for finding otherwise. United States v. Banks, 405 F.3d 559, 568 (7th Cir. 2005). The Court will grant relief only when it is shown with a reasonable probability that the outcome would have been

different but for counsel's unprofessional errors.  <u>Lowery</u>, 225 F.3d at 843. Wade asserts that trial and appellate counsel were ineffective in failing to raise and thoroughly investigate the Constitutionality of the disparity in penalties for offenses involving cocaine base and cocaine powder under 21 U.S.C. § 841(b)(1)(A).  However, as previously noted, at the time of Wade's sentencing, the Seventh Circuit had determined that Congress' enactment in § 841(b)(1)(A) of different penalties for cocaine base and cocaine did not violate equal protection or the due process clause.  It is not objectively unreasonable for counsel to fail to raise an argument that is likely to fail.  <u>Rodriguez v. United States</u>, 286 F.3d 972, 985 (7th Cir. 2002).  Wade's ineffective assistance claims fail under the first prong of <u>Strickland</u>.  Moreover, Wade cannot meet the second <u>Strickland</u> prong because he fails to demonstrate any prejudice whatsoever relating to the alleged ineffective assistance.

THEREFORE, Petitioner Levar Wade's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 5) is DENIED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  May 22, 2007.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE